The interest of these appellants appears to have been that only of stockholders in the corporation, which directed the prosecution and which itself was beneficially interested therein. Any direction as to the prosecution of the action supplemental to the letter of July 9th must be presumed to have been given officially, and not individually. These appellants were not at that time as individuals the owners of the milk cans, and had no authority as individuals to direct the prosecution. They were not beneficially interested, within the provisions of the Code, so as to become liable for the costs of this action.

The order should therefore be reversed, with costs, and the motion denied, with costs.

All concur except PARKER, P. J., not voting.

---

### GIBBONS v. BUSH CO., Limited.

(Supreme Court, Appellate Division, Second Department. November 16, 1906.)

1. PARTNERSHIP—ACTION BY SURVIVING PARTNER—DEFENSES.

In supplementary proceedings against G., who was a surviving partner, in an action against him as an individual, an order entered May 25, 1900, appointed a receiver of the property of and all sums owing to G., and provided, "and said defendant and all others are hereby forbidden from making any disposition of the property, except in obedience to this order, until further direction of this court," which order was never vacated. *Held*, in an action by G., brought October 15, 1902, on a cause of action which matured prior to June 1, 1896, as surviving partner, against a firm debtor, that such order either did not interfere with G. as the surviving partner, or it divested him entirely of all legal title to the firm assets, the result of which was either that G., as surviving partner, was not enjoined from prosecuting any action which the firm might have, which injunction, under Code Civ. Proc. § 406, would stop the running of limitations, and hence the action was barred, or that G., as surviving partner, was not the real party in interest, and hence could not maintain the action.

2. SAME.

An order in bankruptcy proceedings against G., as an individual, by individual creditors, entered May 4, 1901, appointed a temporary receiver of the "said G., individually and as a surviving member" of the firm of M. G. & Son, and directed the receiver to take possession of all property of G., "individually and as surviving partner." The order further enjoined all persons indebted to or having any property or funds of G. from disposing of the same to any one except the receiver, to whom such property and funds were ordered to be paid; and on July 8, 1901, G. as an individual was declared a bankrupt. *Held* that, assuming that the order of May 4, 1901, enjoined G. as a surviving partner from winding up the affairs of the firm, the injunction ceased with the adjudication of July 8, 1901, and the period of the injunction was not sufficient to take an action by G. as surviving partner against a firm debtor, brought October 15, 1902, on a cause of action which matured prior to June 1, 1896, outside the scope of the statute of limitations, and, further assuming that the nature of the title held by G., as surviving partner, was such as to be subject to the court in the bankruptcy proceedings, it passed to the trustee in bankruptcy, and hence G. was not the real party in interest and could not maintain the action.

Appeal from Special Term, Kings County.

Action by Richard Gibbons against the Bush Company, Limited. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

101 N.Y.S.—46

The following is the opinion of Referee Wiliam J. Carr:

The motion to dismiss the complaint in this action has been argued so elaborately and briefed by both counsel with so much industry that I feel it my duty to make a short expression of the views which have determined my course in deciding the motion. This motion is made on two grounds, as follows: First, that the causes of action set up in the complaint of the plaintiff are barred by the judgment in a prior action brought by him against the same defendant; second, that the causes of action set up in the complaint are barred by the statute of limitations. Both of these defenses are set up in the answer of the defendant, and their effect is properly before me at this moment, both as a matter of directing the order of proof which is vested in me as referee and by the express consent of the respective counsel.

In arriving at my determination to dismiss the complaint, I have not thought it necessary to base my action upon the first ground of objection. I am not prepared to say that the present causes of action are not to a very great extent barred by the former judgment, still I do not feel so strongly impelled to dismiss the complaint on that ground alone. It is certainly the case that the present cause of action was at one time one of the causes of action before the court in the prior suit, and that it would have been within the power and duty of the court in the prior suit to have decided this cause of action if it had not been voluntarily discontinued by the plaintiff. Numerous authorities may be cited to the effect that under such circumstances the former judgment is a bar to the trial of this action. I feel constrained, however, by the recent opinion of the Appellate Division in Koeppel v. Macbeth, 97 App. Div. 299, 89 N. Y. Supp. 969, and therefore do not decide the motion upon that point.

As to the second ground, namely, the statute of limitations, I cannot escape from the conclusion that either the causes of action set up in this complaint are barred by the statute of limitations or that the plaintiff in this action is not the real party in interest and cannot maintain this action. It appears that all the causes of action set forth in the present complaint had matured prior to June 1, 1896, and that the present action was brought by the service of a summons on October 15, 1902, leaving a period of 6 years, 4 months, and 15 days as having elapsed since the causes of action matured. The defendants have pleaded the statute of limitations, and it has become incumbent upon the plaintiff to establish such facts or circumstances as take his causes of action out of the scope of the statute. This burden he has attempted to discharge by showing that on the 25th day of May, 1900, an order was entered in the Supreme Court in Kings county, in the action of William Keenan against Richard Gibbons, appointing Daniel E. Delevan "receiver of all the property, debts, equitable interests, rights and things in action, effects, and estate, real and personal, of the said Richard Gibbons, the judgment debtor, and all sums owing to him." This injunction order further provided as follows: "And said defendant, the judgment debtor, his agents and attorneys, and all others are hereby forbidden from making or suffering any transfer or other disposition of or interference with the property of the said judgment debtor, or in which said judgment debtor is in any wise interested, excepting in obedience to this order, until the further order and direction of this court in the premises." This order appointing a receiver appears to have been made in proceedings supplementary to execution against Richard Gibbons in an action brought against him as an individual to recover an individual obligation. At the time of its entry, and long prior thereto, Richard Gibbons was the surviving partner of a firm known as M. Gibbons & Son. M. Gibbons had died, leaving the partnership affairs to be administered by the survivor, Richard Gibbons.

It is contended by the plaintiff in this action that the injunction clause contained in the order appointing the receiver applied to him as a surviving partner of the firm of M. Gibbons & Son, and restrained him from commencing any action against this defendant, or any other person, to recover any debts or obligations claimed to be due to the copartnership of M. Gibbons & Son; and that therefore, under section 406 of the Code of Civil Procedure, the statute of limitations did not run against him as a surviving partner of M. Gibbons & Son as long as this injunction order stood unvacated. It appears in

this case that the injunction order in question is still unvacated. In that event the present action is brought in contempt of the injunction order, if that order applies. It has been held that, notwithstanding an action has been brought in contempt of an order of injunction, the fact of such contempt is no defense to the action, and that the matter of the contempt and the punishment therefor is one which concerns alone the court which granted the order. Wilkinson v. Fire Insurance Co., 72 N. Y. 499, 28 Am. Rep. 166. At the same time it is quite apparent to me that the injunction clause in the order appointing the receiver was simply auxiliary to the appointment of the receiver and covered only such property of the defendant judgment debtor, whether tangible or choses in action, as was vested in the receiver by virtue of the order appointing him. It has been held repeatedly that all injunction orders are to be construed in favor of the purpose sought to be subserved by the granting of the order, and that, no matter how general the terms of the order in question, it was not to be construed in such a manner as to prevent any action on the part of the party enjoined which in no wise concerned the party procuring the injunction or which would have redounded to the advantage of such party. Wilkinson v. Fire Insurance Co., 72 N. Y. 499, 28 Am. Rep. 166; Van Wagonen v. Terpenning, 122 N. Y. 222, 25 N. E. 254. Notwithstanding the general language of this injunction order, it is quite apparent that it would not have restrained the action of Richard Gibbons as an executor, or as an administrator, or as the trustee of an express trust. Neither would it have restrained his action as a surviving partner of the firm of M. Gibbons & Son, unless his legal title to the choses in action of M. Gibbons & Son was of such a character as to be divested from him and transferred to the receiver by virtue of the entry of the order in question.

The learned counsel for the plaintiff has submitted several authorities which he claims declare the rule that a surviving partner takes all the assets and choses in action of the copartnership by virtue of a legal title, subject only to a duty to account to the personal representatives of the deceased copartner and to the creditors of the copartnership, and that such legal title may be reached and controlled in proceedings supplementary to an execution against him individually. If this view be carried to the extent to which it is urged by the learned counsel for the plaintiff, then the assets and choses in action of the firm of M. Gibbons & Son were so vested in Richard Gibbons as surviving partner as to be transferable from him to his individual receiver, subject to a duty upon the part of such receiver to account to the partnership creditors and the representatives of the deceased partner. Now, as the order appointing the receiver in question had never been vacated and is still in full force, it becomes apparent at once that either said order did not interfere with Richard Gibbons as a surviving partner of the firm of M. Gibbons & Son in any way, or it divested him entirely of all legal title to the assets and choses of action of that firm. The result of such a situation is either that Richard Gibbons as a surviving partner of the firm of M. Gibbons & Son was not at all enjoined from prosecuting any cause of action which the firm of M. Gibbons & Son might have against any of its debtors, or that Richard Gibbons as a surviving partner of the firm of M. Gibbons & Son is not the real party in interest in this action, and cannot maintain the same.

As a further argument against the running of the statute of limitations in this action, the plaintiff has shown that in May, 1900, proceedings were instituted in bankruptcy against him as an individual by individual creditors in the United States District Court for the Eastern District of New York, and that on May 4, 1901, an order was entered appointing a temporary receiver of the "said Richard Gibbons, individually and as a surviving member of the firm of M. Gibbons & Son," which order directed that the receiver in question should "immediately take possession of all the property and effects, real and personal, of every nature and name, of the said Richard Gibbons, individually and as surviving member of the firm of M. Gibbons & Son, and hold and administer the same according to law." There was a further provision in the order as follows: "Ordered, that all persons or corporations indebted to the said Richard Gibbons, individually and as a surviving member of M. Gibbons & Son, in any manner, shape, or form, and all persons or corporations or officials holding or having any moneys, funds, or properties of the said

Richard Gibbons, individually or as a surviving member of the firm of M. Gibbons & Son, on deposit or otherwise, do refrain, and they and each of them are hereby enjoined from, in any manner disposing of the same to any person or persons, corporation or corporations, save and excepting to such receiver, without further order or leave of this court, to be had and obtained only upon notice to the respective parties or their counsel in this proceeding, and all such moneys, funds, and property shall be paid over to and delivered to said receiver." On the 8th day of July, 1901, Richard Gibbons, as an individual, was declared and adjudged a bankrupt by order of the United States District Court duly entered on that day. On January 4, 1902, an order was entered in the same court in the same proceedings which reads as follows: "In the Matter of Richard Gibbons, a Bankrupt. Hearing on order to show cause why the petition and order to show cause should not be amended by including Richard Gibbons as a surviving partner of the firm of M. Gibbons & Son. Motion denied, and ordered that all orders based on the assumption that the court had jurisdiction of the old firm of Michael Gibbons & Son be vacated."

It is contended by the learned counsel for the plaintiff that from May 4, 1901, until the entry of the order of January 7, 1902, in the United States District Court, Richard Gibbons, as a surviving partner, was enjoined and restrained from prosecuting this or any other similar action, for the period of eight months and three days, and hence that the present action falls within the provision of section 406 of the Code of Civil Procedure. The order appointing the temporary receiver in the bankruptcy proceedings contains no express language of injunction against Richard Gibbons as a surviving partner. It is true that it contains very express language of injunction against any debtor of the firm of M. Gibbons & Son paying any sum due to that firm to the surviving partner, or any person other than the temporary receiver; and it might be urged that by fair implication the surviving partner was equally restrained from any attempt by him to collect any obligation due the firm of M. Gibbons & Son. I do not see that this state of facts differs in its legal effect in any way from the state of facts and law heretofore discussed in relation to the injunction order in supplementary proceedings. The bankruptcy proceedings were instituted against Richard Gibbons as an individual, and according to well-settled law the court at no time acquired any jurisdiction over the assets of the firm of M. Gibbons & Son, of which Richard Gibbons was the surviving member. In re Mercur, 122 Fed. 384, 58 C. C. A. 472. It is well settled that an order adjudicating a partner individually a bankrupt confers on no one any authority to interfere with the copartnership assets. Assuming, however, that Richard Gibbons as a surviving partner was enjoined from proceeding to wind up the affairs of the copartnership of M. Gibbons & Son by virtue of the order appointing a temporary receiver of his individual property, still that order had force and effect only during the pendency of the proceedings to adjudge him a bankrupt; and, unless the final adjudication was of such a character as to uphold the order for further use, it fell when the adjudication was made. Richard Gibbons was adjudged a bankrupt individually on July 8, 1901, and the so-called injunction in the order appointing a temporary receiver had no further force or effect, after the adjudication, than was necessary to protect the individual property of the bankrupt until the appointment and qualification of the trustee in bankruptcy; but the order adjudicating Richard Gibbons individually as a bankrupt had no force or effect whatever upon the assets, whether tangible or choses in action, of the firm of M. Gibbons & Son, as the court which made the order had absolutely no jurisdiction over the firm of M. Gibbons & Son, and in its final judgment attempted to exercise none. In re Mercur, ut supra.

In my judgment, assuming that Gibbons as a surviving partner was enjoined pending the adjudication, the injunction ceased with the adjudication, and the period of this assumed injunction would be two months and four days, which would not be sufficient time to take the present action outside the scope of the statute of limitations. I feel confident that at no time had the court in bankruptcy any jurisdiction whatever to interfere with the assets of the firm of M. Gibbons & Son, or with Richard Gibbons as its surviving partner, and that the language in the order appointing the receiver which

attempted to interfere with the assets of M. Gibbon, & Son was wholly unauthorized. Boonville Nat. Bank v. Blakey, 107 Fed. 891, 47 C. C. A. 43. The last order made in the bankruptcy proceeding shows quite conclusively that the court admitted its lack of jurisdiction, and that the prior order must have been obtained by inadvertence. In any event, whether it enjoined Richard Gibbons as a surviving partner or not, no injunction continued beyond the date of the adjudication in bankruptcy under the circumstances of this case. If the nature of the title held by Richard Gibbons as a surviving partner was such as to be subject to the court in bankruptcy proceedings against him individually, it would pass to his trustee; and then, of course, Richard Gibbons, as the surviving partner of M. Gibbons & Son would not be now the real party in interest in this action and could not maintain the same in the face of the defense set up in the answer to that effect. I am loath to decide this motion on grounds so purely technical, but the defenses interposed by the defendant's answer are sanctioned by law, and I feel it my moral duty not to even attempt to strain against them. I do this all the more willingly because the condition of the record in this action is such that these fundamental questions which lie at the threshold of the case may be speedily and inexpensively submitted to an appellate court. It seems to me that practically every question involved in this point of the bar of the statute of limitations has been passed upon adversely to the plaintiff in Bush v. Gibbons, 87 App. Div. 576, 84 N. Y. Supp. 478.

The motion to dismiss the complaint is granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, RICH, and MILLER, JJ.

George W. McKenzie, for appellant.
Kellogg, Beckwith & Emery, for respondent.

PER CURIAM. Judgment affirmed, with costs, on the opinion of William J. Carr, Esq., as referee.

STANLEY v. STANLEY.

(Supreme Court, Appellate Division, Third Department.   December 7, 1906.)

1. DIVORCE—ALIMONY—ENFORCEMENT—CONTEMPT PROCEEDINGS.
    Code Civ. Proc. § 1773, specifically authorizes proceedings for contempt for the enforcement of a judgment directing the payment of alimony.

2. SAME—STATUTES.
    Code Civ. Proc. § 1241, providing the cases in which a judgment may be enforced by punishment for disobeying it, has no application to a judgment for alimony.

3. SAME—SERVICE OF DECREE—DEMAND.
    Prior to the institution of contempt proceedings for the nonpayment of alimony, as authorized by Code Civ. Proc. § 1773, a certified copy of the decree was properly served on the defendant, and a personal demand made for the alimony.

Appeal from Special Term.

Action by Sarah Taylor Stanley against James William Stanley. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Isaac N. Jacobson, for appellant.
Albert J. Graeffe (John J. Linson, of counsel), for respondent.

PER CURIAM. By section 1773 of the Code of Civil Procedure this proceeding for contempt is specifically authorized in enforcement